LUTHER E. HALL, Judge pro tem.
Petitioner, as tutrix ad hoc, seeks to recover damages for personal injuries sustained by her minor daughter as the result of an accident which occurred at the intersection of Melpomene and Rocheblave Streets in the city of New Orleans. She also seeks recovery personally for both past and future medical expenditures and for the loss of her daughter’s services. After a trial on the merits, there was judgment in favor of defendant, and plaintiff has appealed.
On the afternoon of May 29, 1960, plaintiff’s sixteen-year-old daughter, Earlean Walker, was riding side-saddle on the crossbar of a bicycle being operated by one Barbara Jean Payton on Melpomene Street in the direction of the lake. Defendant’s automobile was proceeding on Melpomene Street in the same direction. The record shows that the cyclists were attempting to make a left turn at the point where Melpomene intersects Rocheblave Street when defendant’s automobile struck the fear of the bicycle throwing the girls to the ground with resulting injuries to Earlean.
This appeal involves only questions of fact. The testimony of plaintiff’s witnesses *209 is very confusing, but plaintiff’s version of the accident seems to be that the girls had ridden the bicycle from the downtown sidewalk out into the lake bound roadway of Melpomene Street at a point about half a block from its intersection with Rocheblave. They then crossed over the lake bound roadway of Melpomene to the neutral ground (or left) traffic lane thereof and proceeded towards the lake in this left lane with the intention of turning left into Rocheblave when they reached the intersection. According to their version defendant’s automobile struck the rear wheel of the bicycle just as they began their left turn through the neutral ground into Roche-blave. They had seen defendant’s automobile just a,s they started across Melpomene. At that time, according to their version, defendant’s automobile was on Melpomene Street about a block away travelling towards them in the right traffic lane of the lake bound roadway. Thinking they had time to cross to the neutral ground side they did so, and had been travelling in the left lane towards the lake for at least half a block when defendant swerved her automobile from the right lane to the left and struck them just as they were turning into Rocheblave.
Defendant’s testimony is that she had been proceeding on Melpomene Street towards the lake at about 25 miles per hour; that she saw the girls when she was something less than a block away from them and immediately slowed down to about 15 miles per hour; that the girls were riding towards the lake in the middle of the street; that as she attempted to pass them on the left they turned sharply in front of her; that she applied her brakes but could not avoid hitting them.
The testimony is thus in sharp conflict. The District Judge who had the opportunity of observing the witnesses testify evidently believed defendant’s version of the accident. We find no manifest error in his conclusion, especially in view of the confusing and contradictory testimony elicited on behalf of plaintiff. The facts as testified by defendant absolve her from any negligence.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.